UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN P. GADSDEN,

        Petitioner,

vs.                        Case No. 2:10-cv-193-FtM-29DNF
                            Case No. 2:05-cr-26-FtM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on petitioner Adrian P. Gadsden's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #43)[1] (hereinafter § 2255 motion) filed on March 29, 2010. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #5) on June 7, 2010. Petitioner thereafter filed a Motion for Status Inquiry (Cv. Doc. #6). For the reasons set forth below, the § 2255 motion is dismissed.

**I.**

    On March 16, 2005, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging Adrian

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

Psyche Gadsden (petitioner or Gadsden) with possessing a firearm and ammunition after having been convicted of four felony offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On January 24, 2007, petitioner was charged by Information (Cr. Doc. #27) with one count of knowingly using and carrying a firearm during and in relation to a crime of violence (bank robbery) and brandishing the firearm, in violation of 18 U.S.C. §§ 2113(a) and 2113(d), all in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Petitioner pled guilty to the Information pursuant to a written Plea Agreement (Cr. Doc. #32) which contained a waiver of appeal provision (Cr. Doc. #32, p. 10).  On May 7, 2007, the Court sentenced petitioner to a 144 month term of imprisonment consecutive to a prior state court sentence, to be followed by 60 months supervised release, plus restitution of $18,110.00.  (Cr. Doc. #38.)  Judgment (Cr. Doc. #38) was filed on May 8, 2007.  No direct appeal was filed.

On September 12, 2007, petitioner testified as a government witness in United States v. Blango, Case No. 2:07-cr-39-FtM-34SPC, Doc. #118.  Petitioner confirmed that he had pled guilty pursuant to a Plea Agreement; that he had received a sentence of 144 months imprisonment consecutive to a state court sentence of 60 months; that the Plea Agreement contained a waiver of appeal provision; and that he had not filed an appeal, and understood that the only way he could receive a reduced sentence was if the government filed a motion with the court based upon his substantial assistance.  (Case

No. 2:07-cr-39-FtM-34SPC, Doc. #118, pp. 1163-64, 1267-68, 1296-98.)

On May 14, 2008, the government filed a Motion for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Cr. Doc. #40) based upon petitioner's post-sentencing cooperation, including his debriefing and testifying in the Robert Blango trial. The government reported that Blango had been convicted and sentenced to 39 years imprisonment. On June 11, 2008, the Court entered an Order (Cr. Doc. #41) granting the government's motion and reducing petitioner's imprisonment to 115 months. An Amended Judgment (Cr. Doc. #42) was filed on June 16, 2008. No further activity took place in the case until March 30, 2010, when petitioner's § 2255 motion was filed.

Petitioner's § 2255 motion sets forth the following claims: (1) The sentencing court erred in sentencing petitioner above the guideline sentence provided by U.S. Sentencing Guidelines Manual §2K2.4(b), and counsel was ineffective for failing to object to this prejudicial sentencing error; (2) The sentencing court violated petitioner's Fifth Amendment Right to due process via a Fed. R. Crim. P. 32(h) transgression, and counsel was ineffective in failing to object to this prejudicial error; and (3) Counsel was ineffective for failing to file a notice of appeal and pursue a direct appeal on behalf of petitioner after petitioner instructed counsel to do so.

**II.**

The Government argues in part that the § 2255 motion was not timely filed, and that petitioner is not entitled to equitable tolling. (Cv. Doc. #5, pp. 5-7.) If correct, the § 2255 motion would be dismissed.

Federal prisoners whose convictions become final after April 24, 1996, the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). The only triggering event which is at issue in this case is the date on which petitioner's conviction became final.

**A. Statute of Limitations Expired on May 18, 2008:**

Petitioner was sentenced on May 7, 2007, the judgment was filed on May 8, 2007, and his conviction became final on May 18, 2007, ten days after entry of the criminal judgment. Mederos v.

United States, 218 F.3d 1252 (11th Cir. 2000). Therefore, petitioner had to file his § 2255 motion by May 19, 2008.[2] Giving petitioner the benefit of the "mailbox rule", Houston v. Lack, 487 U.S. 266 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem his § 2255 motion to have been filed on March 13, 2010, the date petitioner signed the certificate of service while in prison. (Cv. Doc. #1, p. 14.) Thus, the § 2255 motion was filed approximately thirty-four months after petitioner's conviction became final and approximately twenty-two months after the expiration of the statute of limitations.[3] Therefore, the § 2255 motion is untimely unless equitably tolled.

**B. Equitable Tolling Not Applicable:**

Recognizing the facial untimeliness of the § 2255 motion, petitioner essentially argues that the statute of limitations should be tolled by equitable estoppel. Petitioner states: "Due to the ineffective assistance of counsel in failing to file a Notice of Appeal and pursue a direct appeal on Movant's behalf, Movant did not know and was not apprised that his one-year statute of

---

[2]May 18, 2008 fell on a Sunday. Therefore, the deadline would be the next day. Fed. R. Civ. P. 6(a)(1)(C).

[3]The Amended Judgment based upon the government's substantial assistance motion did not reset the one-year statute of limitations under § 2255. Murphy v. United States, 634 F.3d 1303 (11th Cir. 2011). In any event, the Amended Judgment was filed on June 16, 2008, and the § 2255 motion was filed approximately 21 months later.

limitations under the AEDPA for 28 U.S.C. § 2255 purposes had begun simply because Movant believed a direct appeal was still pending on his behalf, and that his conviction was thus not final." (Cv. Doc. #1, ¶18, p. 13.)

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Holland v. Florida, 130 S. Ct. 2549 (2010)(holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562 (internal quotation marks omitted). See also Sandvik, 177 F.3d at 1271; San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is reasonable diligence, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin, 633 F.3d at 1267. Serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Holland, 560 U.S. ___, 130 S. Ct. at 2564 (holding that equitable tolling may be available in an "extraordinary"

instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

Here, the record establishes both the lack of due diligence by petitioner and the lack of extraordinary circumstances. Contrary to the representation in the § 2255 motion that he did not know his attorney had not filed a direct appeal, petitioner testified as a government witness four months after his sentencing that he knew the Plea Agreement contained a sentence appeal waiver provision and knew there had been no direct appeal filed. Petitioner was told at the sentencing that a notice of appeal had to be filed within ten days or the appeal would be waived, (Cr. Doc. #44, p. 25), so he was well aware of this at the time he testified as a government witness. There is no record evidence, and no assertions by petitioner, that he took any steps to cause an appeal or check on its status. The record is clear that petitioner simply relied upon the hoped-for Rule 35 motion as his way to obtain a reduced sentence. After receiving the benefit of that motion, petitioner still waited twenty-one months to file his § 2255 motion. Therefore, petitioner is not entitled to equitable tolling.

Because Petitioner did not file his § 2255 Motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his § 2255 Motion is untimely and is therefore time barred.

Accordingly, it is now

**ORDERED:**

1.  Petitioner Adrian P. Gadsden's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #43) is **DISMISSED with prejudice** as barred by the applicable statute of limitations.

2.  Petitioner's Motion for Status Inquiry (Cv. Doc. #6) is **GRANTED** to the extent the motion has now been resolved.

3.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  Miller-El v.

Cockrell, 537 U.S. 322, 336 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The requisite grounds do not exist in this case.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Adrian P. Gadsden